# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LEIGH E. WISE, | : |
| Plaintiff, | : |
| v. | : Civil Action |
| | : No. 5:09-cv-127 (CAR) |
| GORDON S. HEDDELL, *et al.*, | : |
| Defendants. | : |

## ORDER ON MOTION TO DISMISS

Defendants have moved the Court to dismiss this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon review of the Complaint, with all factual allegations set forth therein taken as true, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to any claim. All claims are to be dismissed with prejudice, with the exception of Plaintiff's Administrative Procedures Act ("APA") claim against Defendant Phillip E. Horton in his official capacity as Chief Examiner of the Air Force Board for Correction of Military Records. As explained in Section III. F., below, the Court will allow Plaintiff the opportunity to file an amended complaint that states her APA claim more coherently.

**I.     Factual Allegations**

Plaintiff's factual allegations must be gleaned from a pro se Complaint that is lengthy, dense, and not entirely coherent. On Motion to Dismiss, the Court must accept as true all well-pled facts alleged in the Complaint. Sinaltrainal v. Coca-Cola, Inc., 578 F.3d 1252, 1260 (11th Cir. 2009). The Court need not, however, accept as true any legal conclusions, unwarranted deductions of fact, or conclusory allegations. Id. Because Plaintiff is proceeding pro se and without the benefit of a

1

legal education, the Court reads her Complaint with particular leniency, but may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

It appears that Plaintiff's claims are founded on her allegation that various officers of the United States Air Force retaliated against her over a period of eight years in reprisal for her filing a grievance with the Air Force Inspector General. Plaintiff enlisted in the Air Force in 1991, and her Complaint suggests that in 2000 she was a Staff Sergeant in the Air Force Reserves, posted to Dobbins Air Reserve Base in Marietta, Georgia. In November 2000, Plaintiff filed a grievance with the Air Force Inspector General, alleging that she was not receiving proper training for her position. In April 2001, Defendant Col. Daniel Kornacki, then the Vice Commander of Dobbins ARB, downgraded Plaintiff's Enlisted Performance Report. Plaintiff then filed an additional grievance alleging that Col. Kornacki downgraded her evaluation in reprisal for the initial grievance.

The events after April 2001 are not clearly described in the Complaint. Apparently, Plaintiff and her superiors were engaged in a protracted bureaucratic battle over the next several years. A footnote in the Complaint suggests that the Air Force Inspector General granted Plaintiff's grievance against Col. Kornacki, and found that his evaluation was a reprisal for Plaintiff's first grievance concerning inadequate training. Complaint n. 11. Other provisions in the Complaint suggest that this decision was later reversed by the Department of Defense Inspector General.

Plaintiff contends that her superiors continued to retaliate against her for her grievances. She alleges that the officers engaged in "116 points of reprisal," in the form of unfavorable personnel actions or the withholding of favorable actions. Complaint ¶ 17. No further detail is provided as to the nature of these reprisals. The conflict led Plaintiff to suffer a nervous breakdown. Complaint ¶ 16. In November 2007, Plaintiff was placed on the Temporary Disability Retirement List with a

100% disability rating. Complaint ¶ 9. She was subsequently moved to a permanent retirement status. In a footnote, Plaintiff explains that her disability was psychological in nature and that she has been diagnosed with Generalized Anxiety Disorder, Panic Attack Disorder, Major Depressive Disorder, and Chronic Adjustment Disorder with Agoraphobia. Complaint n. 39. She contends that her disability resulted from the nervous breakdown she suffered in the wake of "unrelenting reprisals." Complaint ¶ 16.

## II. Defendants

The caption of the Complaint names nine defendants. Defendant Heddell is named as the Acting Inspector General for the Department of Defense. Defendant Col. Nuckolls is named as the Commander of the 94th Air Wing at Dobbins Air Reserve Base. Defendant Col. Kornacki is named as the former Vice Commander of the 94th Air Wing. Defendant Gen. Bradley is named as the former Commander of the Air Force Reserve Command at Robins Air Force Base. Defendant Capt. Lee is named as the chief of investigations for the Air Force Inspector General. Defendant Marshall is named as a member of the United States House of Representatives representing the 8th Congressional District of Georgia. Defendant Chambliss is named as a United States Senator representing Georgia. Defendant Horton is named as the Chief Examiner of the Air Force Board for Correction of Military Records (BCMR). Defendant Lt. Col. Sullivan is named as the Deputy Chief of the Air Force's Congressional Inquiry Division Office of Legislative Liason.

All Defendants are named in their individual and official capacities. To the extent the Defendants are sued in their official capacities, the action is viewed as a suit against the United States. See Swank, Inc. v. Carnes, 856 F.2d 1481, 1483 (11th Cir. 1988).

Plaintiff has also listed nineteen "subordinate defendants" in the eight footnotes that accompany the caption to her complaint. These persons appear to be staff members and officers acting under the command of the named defendants.

Plaintiff contends that the various defendants engaged in acts that she characterizes as criminal. She contends that Heddell, as the military's "top cop," condoned criminal activity and the filing of false official statements by failing to prevent reprisals against her and by failing to uphold and protect her rights to due process. Complaint ¶ 10. She contends that her commanding officers, Col. Nuckolls and Gen. Bradley, failed to remedy or covered up crimes committed by officers who falsified her military records. Complaint ¶¶ 11, 12. She alleges that Capt. Lee failed to investigate her grievances properly and denied her substantial justice. Complaint ¶ 13. She alleges that Senator Chambliss and Representative Marshall violated their oaths of office by failing to intervene in the Inspector General's investigation upon her request. Complaint ¶ 14. She contends that Col. Sullivan knowingly made a false statement in a letter to Representative Marshall, stating that Plaintiff's psychological disabilities "in fact existed prior to service and were aggravated by her service." Complaint ¶ 18. Finally, she contends that defendant Horton and the Air Force Board for the Correction of Military Records failed to hold the other defendants accountable for the decisions that led to her disability. Complaint ¶ 44.

## III. Plaintiff's Claims for Relief

The legal basis for Plaintiff's claims must be pieced together from different parts of her Complaint. Section Two of the Complaint, related to "Jurisdiction and Venue," refers to a number of statutes and legal theories including the following:

1.  A claim for violation of the Military Whistleblower Protection Act, 10 U.S.C. § 1034, which Plaintiff refers to as the "Military Reprisal Investigation" statute, or "MRI." Complaint ¶ 1.

2.  A claim to compel prosecution under Article 92 of the Uniform Code of Military Justice. Complaint ¶ 4.

3.  A claim for violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. Complaint ¶ 6.

4.  A claim for declaratory judgment pursuant to 28 U.S.C. § 2201. Complaint ¶ 6.

5.  A claim under 42 U.S.C. § 1981. Complaint ¶ 6.

6.  A claim for violation of her rights under the First and Fifth Amendments to the United States Constitution, including individual capacity claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Complaint ¶ 6.

7.  A claim under the Administrative Procedures Act (APA), 5 U.S.C. § 702 et seq., challenging the decisions of the Air Force Board for Correction of Military Records. Complaint ¶ 6.

The Complaint does not link these claims to any specific defendants or events. Section Five of the Complaint (mislabeled as "Section VI") pleads seven counts, with reference to specific events and defendants. In summary these seven counts are as follows:

1.  In Count One, Plaintiff contends that the Department of Defense Inspector General and the Air Force Inspector General – specifically Defendants Heddell and Lee – failed to carry out an appropriate investigation of Plaintiff's grievances and allegations of reprisals.

5

2. In Count Two, Plaintiff contends that defendants Kornacki, Nuckolls, and Hathcock engaged in criminal activity by falsifying her performance review in April 2001 and in failing to correct or remedy the review.

3. In Count Three, Plaintiff seems to be contending that defendants Whaley, Hathcock, and Kolenc wrongfully removed her from active duty while she was being medically evaluated in 2006 or 2007.

4. In Count Four, Plaintiff contends that defendants Chambliss and Marshall failed to intervene after she petitioned them for assistance with her grievance procedures and failed to remedy a false statement by defendant Sullivan. Plaintiff contends that Sullivan lied by stating that Plaintiff's psychological condition existed prior to her military service.

5. In Count Five, Plaintiff contends that the Air Force Board for Correction of Military Records was arbitrary and capricious in denying her petition to correct the military records as to Plaintiff's disability status and claims of reprisal.

6. In Count Six, Plaintiff contends that defendant Lees violated her rights to free speech and equal protection by rejecting her grievances.

7. In Count Seven, Plaintiff contends that the Department of Defense Inspector General and the Air Force Inspector General are "corrupted organizations" and asks the Court to compel the Attorney General of the United States to investigate these agencies.

These counts have no reference to legal authority, and there is no clear correspondence between the specific counts outlined in Section Five and the legal theories suggested in Section Two.

Although the precise nature of Plaintiff's claims is difficult to discern, clear legal authority bars all of her claims except for her claims under the Administrative Procedures Act. Plaintiff's

claims against her superior officers and against the Department of Defense Inspector General and Air Force Inspector General, including all claims under the Federal Tort Claims Act and Bivens claims, are nonjusticiable under the doctrine of Feres v. United States, 340 U.S. 135 (1950). Plaintiff's claims under the Military Whistleblower Protection Act are barred because that Act does not provide a private right of action. Plaintiff's request for an order compelling prosecution under the Uniform Code of Military Justice is not actionable because the investigation and prosecution of crimes is subject to executive discretion, and this Court has no authority to compel the Department of Defense or the Attorney General to initiate such an investigation or prosecution. Plaintiff has failed to state a claim under 42 U.S.C. § 1981 because there is nothing in the Complaint to indicate that she was subject to discrimination on the basis of race. Plaintiff's claims against defendants Chambliss and Marshall are barred by the Speech or Debate Clause of the United States Constitution. As to the APA claims, the Complaint fails to set forth sufficient factual matter to state a claim for relief that is plausible on its face. Each of these issues is addressed in sequence below.

    **A.    The Feres Doctrine**

Courts have historically displayed a great reluctance to interfere in matters of military discipline and management. This reluctance has developed into a doctrine through a series of cases, beginning with Feres v. United States in 1950. The Eleventh Circuit has summarized this doctrine by holding "that cases brought by enlisted personnel against the military for injuries incident to service are nonjusticiable, whether the claims request monetary damages or injunctive relief." Speigner v. Alexander, 248 F.3d 1292, 1298 (11th Cir. 2001). In Feres itself, the Supreme Court held that the Government could not be held liable under the Federal Tort Claims act for injuries to service members, "where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. In a subsequent case, the Supreme Court held that "enlisted military personnel may

7

not maintain a suit to recover damages from a superior officer for alleged constitutional violations." Chappell v. Wallace, 462 U.S. 296, 305 (1983). Suits for injuries incident to service are barred even when the defendants are not superiors in the plaintiff's chain of command. See United States v. Stanley, 483 U.S. 669 (1987).

Plaintiff's injuries in this case are incident to her service in the United States Air Force. During the relevant time periods, she was on active duty status. Her claims arise from matters that are central to the military's management of its personnel, "matters of duty orders, promotions, demotions, and retentions." Speigner, 248 F.3d at 1298 (quoting Knutson v. Wisconsin Air Nat'l Guard, 995 F.2d 765, 771 (7th Cir. 1993)). Her case is based on allegations that the Air Force failed to train her as she saw fit, denied her grievances concerning her training, and retaliated against her by giving her negative performance evaluations. These allegations go "directly to the 'management' of the military" and call into question "basic choices about the discipline, supervision, and control of a [service member]." United States v. Shearer, 473 U.S. 52, 58 (1985). As such, this Court has no authority to second-guess the decisions of the military command structure and Plaintiff has no cause of action under the Federal Tort Claims Act, Bivens, the declaratory judgment statute, or federal civil rights statutes. The Court lacks jurisdiction to rule on her claims against her military superiors, including defendants Heddell, Nuckolls, Kornacki, Bradley, Lee, Horton, or Sullivan, or the "subordinate defendants" under their command.

Plaintiff all but concedes that the Feres doctrine bars her claims. The Complaint and Plaintiff's briefs repeatedly suggest that a primary purpose of this lawsuit is to encourage the Court to find that the Feres and its progeny are wrongly decided and have "allowed defendants carte

blanche to break United States and military laws." Complaint ¶ 2.[1] The Court cannot make such a finding. This Court has neither the inclination nor the authority to reverse or ignore long-standing precedents of the United States Supreme Court and the Eleventh Circuit Court of Appeals.

### B. The Military Whistleblower Protection Act

Plaintiff's claims under the Military Whistleblower Protection Act ("MWPA") are barred because that act does not create a private cause of action. The MWPA prohibits retaliatory personnel actions against a member of the armed forces in reprisal for making or preparing a communication to the Inspector General or a member of Congress. See 10 U.S.C. § 1034(b). Plaintiff's case is essentially a simple claim for violation of the MWPA. Although she characterizes the alleged acts of the defendants as criminal or constitutional violations, she primarily alleges that the defendants engaged in acts of reprisal against her for filing a grievance with the Inspector General concerning her perceived lack of training.

The MWPA provides "a comprehensive scheme for reviewing reprisal complaints," and this review process is the sole remedy available. See Acquisto v. United States, 70 F.3d 1010, 1011 n. 2 (8th Cir. 1995). The statutory review process authorizes "corrective action by the board for correction of military records, the Secretary of the respective services, and the Secretary of . . . Defense." Id. The governing operating procedures provide that "the 'decision of the Secretary of Defense is final,' and the decision whether to uphold or reverse the decision of the Secretary of the military unit involved lies in the Secretary of Defense's 'sole discretion.'" Id. (quoting 32 C.F.R. 98a). Plaintiff's Complaint indicates that Plaintiff took full advantage of this review process by

---

[1] Plaintiff's Complaint and briefs indicate that she has been assisted in this litigation and in the military grievance processes by an "advocate" who has himself been involved in nearly fifteen years of litigation with the Department of Defense in an attempt to overturn the Feres doctrine.

filing a series of grievances and appeals over a period of nearly eight years.  Although the ultimate outcome of the process was not the outcome Plaintiff desired, it is not subject to review by this Court.  The MWPA does not authorize unsatisfied claimants to seek review in federal district court. Id. at 1011.

### C. Claims under the Uniform Code of Military Justice

Plaintiff contends that the alleged reprisals against her were criminal actions, and she asks the Court to order a criminal investigation and prosecution under the Uniform Code of Military Justice. Even if Plaintiff were able to substantiate criminal activity, a court has no authority to order a criminal investigation or prosecution.  The United States Constitution prescribes a separation of powers among the executive, legislative, and judicial branches.  The investigation and prosecution of crimes is solely a function of the executive branch, and the executive has full discretion in determining what crimes to investigate or prosecute.  "It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in the control over criminal prosecutions."  United States v. Hayes, 589 F.2d 811, 819 n. 3 (5th Cir. 1979).

### D. Claims under 42 U.S.C. § 1981

In her Complaint, Plaintiff states that Defendants' actions violated 42 U.S.C. § 1981.  As noted above, such claims are barred by the Feres doctrine.  Moreover, Section 1981 is a civil rights law that deals solely with discrimination on the basis of race.  There is nothing in the Complaint to indicate that race was a factor in any of the events alleged.

### E. Claims against Members of Congress

Constitutional separation of powers also bars any claims against Senator Saxby Chambliss or Representative Jim Marshall arising from their response to Plaintiff's requests for assistance in

her grievance process and for an investigation of the Inspector General's actions in reviewing her grievances. The Constitution ensures that the legislative branch has the independence "to perform the whole of the legislative function ceded to it by the Constitution free of undue interference." Bryant v. Jones, 575 F.3d 1281, 1304 (11th Cir. 2009). The judicial branch has no authority to direct members of Congress in the pursuit of their legislative functions. As such, the Constitution specifically provides that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other place." U.S. Const. art. I, § 6, cl. 1. The purpose of the Speech and Debate clause is "to prevent intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." Gravel v. United States, 408 U.S. 606, 617 (1972). Members of Congress and their aides thus enjoy complete immunity from civil liability for conduct within the "sphere of legitimate legislative activity." See Eastland v. U.S. Serviceman's Fund, 421 U.S. 491, 506 (1975). Protected legislative activities include investigations and inquiries into the actions of the executive branch, which are a central part of Congress's constitutional function. This Court thus has no power to compel a United States Senator or member of the House of Representatives to take any action on Plaintiff's behalf or hold either one liable for acting or failing to act in a certain way in response to Plaintiff's requests.

### F. Claims Under the Administrative Procedures Act

The Feres doctrine does not bar Plaintiff's claim against the Air Force Board for the Correction of Military Records ("the Board") under the Administrative Procedures Act ("APA"), and that claim is the only aspect of her Complaint that is actionable in this Court. The Complaint, however, fails to provide sufficient factual matter about the Board's actions to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although such a deficient complaint is ordinarily subject to dismissal under Rule 12(b)(6) of the Federal Rules

of Civil Procedure, a pro se plaintiff is entitled to an opportunity to amend a poorly-pled complaint. Plaintiff will therefore be permitted to file an amended complaint that provides an appropriate factual basis for her APA claim.

This Court has jurisdiction under the APA to review the decisions of the Board. The APA permits a district court to review the actions of administrative agencies and to "hold unlawful and set aside any agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Decisions of a board for the correction of military records are subject to APA review. See Piersall v. Winter, 435 F.3d 319 (U.S. App. D.C. 2006); Randall v. United States, 95 F.3d 339 (4th Cir. 1996). Judicial review of Board decisions is not barred by the Feres doctrine. See Chappell, 462 U.S. at 303.

The scope of judicial review under the APA is limited and the standard of review is high. A reviewing court may only consider whether the administrative decision making process was deficient and remand the matter for further review. Piersall, 435 F.3d at 322; Randall 95 F.3d at 348. Courts have no authority to order retroactive promotion. Id. Courts have consistently observed that the Constitution does not assign judges the task of running the military. See Piersall 435 F.3d at 322 (quoting Orloff v. Willoughby, 345 U.S. 83, 93 (1953)).

Although this Court has jurisdiction to hear an APA claim against the Board, Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require a complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Plaintiff's Complaint is anything but short and plain. It is 42 pages long, with 59 paragraphs and 54 footnotes. The paragraphs of the Complaint are laden with a cargo of jargon and acronyms, some taken from the rich storehouses of military bureaucracy, others apparently manufactured by Plaintiff. It does not present a coherent narrative

12

of facts or explanation of legal theories. Several readings were required to obtain a general understanding of its meaning and intent.

Despite its length and complexity, the Complaint fails to set forth much factual information regarding the decision of the Board. It does not state when Plaintiff filed a claim with the Board or what the nature of her claim was. It does not state when the Board issued a decision or what the nature of its decision was. It does not set forth any factual allegations to establish that the Board acted in an arbitrary and capricious fashion or contrary to law, beyond the obvious fact that the Board's decision was unfavorable to Plaintiff. It fails to distinguish the actions of the Board from the actions of the Air Force Inspector General or the Department of Defense Inspector General. At most, the Complaint states the legal conclusion that the Board "failed to hold defendants . . . accountable for the reasons giving rise to my 300% disabling status." Complaint ¶ 44. Some additional information regarding the Board's proceedings is provided in footnote 19 of Plaintiff's Motion for Evidentiary Hearing (Doc. 14), but that information is also insufficient to provide a clear understanding of what the Board did or failed to do.

Legal conclusions, unsupported by basic factual allegations, are insufficient to state a claim upon which relief may be granted. A complaint must plead sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). Mere legal conclusions are not entitled to any assumption of truth and do not suffice to state a claim. Id. at 1949-50. To survive a motion to dismiss, a complaint must present factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Plaintiff's Complaint in this case fails to present any factual basis to show that the Board's decision-making process was arbitrary and capricious.

Because Plaintiff is proceeding pro se, she is entitled to an opportunity to amend her Complaint to provide a sufficient factual basis for her APA claims. The Eleventh Circuit has held that district courts should allow a pro se plaintiff an opportunity to amend her complaint "[w]here it appears that a more carefully drafted complaint might state a claim upon which relief can be granted." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by* Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002)).[2] In this case, a "more carefully drafted complaint" means a complaint that provides a coherent – but short and plain – narrative of the Board's actions, including any facts that give rise to an APA action.

## IV. Conclusion and Order of the Court

### A. Order on Motion to Dismiss

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 12) is hereby **GRANTED** in part and **DENIED** in parted. The Motion is denied only as to Plaintiff's APA claims against Defendant Phillip E. Horton in his official capacity as Chief Examiner of the Air Force Board for Correction of Military Records. Plaintiff shall have 21 days from the date of this Order to file an amended Complaint that states her APA claims in a manner consistent with the requirements of Rule 8 of the Federal Rules of Procedure and of Ashcroft v. Iqbal.

All other claims are **DISMISSED, WITH PREJUDICE**. Because the Court is without jurisdiction to hear those claims, any amendment would be futile.

---

[2]Wagner overruled Bank with regard to litigants represented by counsel but specifically stated that the court did not intend to decide or intimate anything about a party proceeding pro se. Wagner, 314 F.3d at 542 n. 1. Courts have continued to apply Bank in cases involving pro se plaintiffs. See e.g. Duff v. Steub, 2010 WL 1718704, * 4 (11th Cir., Apr. 29, 2010)

### B. Order on Miscellaneous Motions

In connection with Defendants' Motion to Dismiss, Plaintiff's Motion for Leave to File Surreply Brief (Doc. 18) and Defendants' motion to Amend/Correct Response to Motion (Doc. 19) are **GRANTED**, and the Court has reviewed and considered those documents in reaching its decision.

Because questions of evidence are not relevant to a motion to dismiss and all facts pleaded in the Complaint are presumed to be true, Plaintiff's Motion for Evidentiary Hearing (Doc. 14) is **DENIED**.

Plaintiff's "Motion for Veterans' Equal Rights Protection Advocacy Founder to Assist Her" (Doc. 14) is **DENIED**. Plaintiff's "advocate" is not an a member of the bar and may not represent Plaintiff in court. He is entitled to provide her any assistance otherwise authorized or permitted by law, but has no recognized status as a party or participant in this action.

It is SO ORDERED this 1st day of July, 2010.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL, JUDGE
        UNITED STATES DISTRICT COURT

chw