THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LEIGH E. WISE             :
                          :
    Plaintiff,            :
                          :
v.                        :     Civil Action
                          :     No. 5:09-cv-127 (CAR)
GORDON S. HEDDEL, et. al. :
                          :
    Defendants.           :
_____:

**ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE**

This case arises from Plaintiff Leigh Wise's former employment with the United States Air Force. Plaintiff claims that her superiors unlawfully retaliated against her, in the form of unfavorable personnel actions or the withholding of favorable actions, after she filed an employment-related grievance with the Air Force Inspector General. While the Court has previously dismissed many of Plaintiff's claims, Plaintiff, acting *pro se*, was allowed to proceed with her claim challenging decisions of the Air Force Board for Correction of Military Records ("Board") under the Administrative Procedures Act ("Act"), 5 U.S.C.A. § 551 et seq.

This Court has jurisdiction under the APA to review the actions of administrative agencies and to "hold unlawful and set aside any agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Decisions of a board for the correction of military records are subject to APA review. See Piersall v. Winter, 435 F.3d 319 (U.S. App. D.C. 2006); Randall v. U.S., 95 F.3d 339 (4th Cir. 1996). However, the scope of judicial review under the APA is limited, and the standard of review

1

is high. A reviewing court may only consider whether the administrative decision making process was deficient and remand the matter for further review. Piersall, 435 F.3d at 322; Randall, 95 F.3d at 348. In other words, adjudication of claims brought under the APA "requires the district court to determine only whether the [agency's] decision making process was deficient, not whether [its] decision was correct." See Piersall, 435 F.3d at 322. Clearly, the Constitution of the United States does not assign judges the task of running the military. Id.

On October 4, 2010, a hearing was held to address a number of discovery-related motions filed by Plaintiff in this case. During the hearing, counsel for Defendant argued that actions brought in United States District Court under the APA are merely record reviews, and as a rule, no discovery is authorized. Counsel is correct. "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). Accordingly, a district court's review of an administrative decision "must be confined to the contents of the administrative record. Information extraneous to the record should not be considered in the review procedure." Gables by Sea, Inc. v. Lee, 365 F. Supp. 826, 830 (D.C. Fla. 1973). Discovery is generally not necessary or appropriate in these cases. See id. Evidence which is not part of Administrative Record may not be considered. Id.

The only exceptions to this rule are when (1) the administrative record is incomplete, (2) the record is so inadequate that it prevents meaningful judicial review, (3) the agency failed to consider relevant factors, or (4) there has been a strong showing that the agency engaged in improper behavior or acted in bad faith. United States v. Amtreco, Inc., 806 F. Supp. 1004, 1006 (M.D. Ga. 1992); accord, Kirkpatrick v. White, 351 F.Supp.2d 1261, 1272 (N.D. Ala. 2004). "These exceptions are to be narrowly construed, and [a party seeking discovery] has a heavy burden to show that supplementation is necessary. See Amtreco, Inc., 806 F. Supp. at 1006 (citing Citizens to

Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971)).

In this case, Plaintiff seems to contend that discovery is warranted because the Administrative Record is incomplete or because the Board failed to consider relevant factors in her case. During the hearing, Plaintiff suggested that the Administrative Record had been "falsified" or that evidence was ignored. By this, Plaintiff may have also been alleging that the Board engaged in improper behavior. Plaintiff claims that she needs discovery to prove her claims; yet she was unable to clearly articulate what evidence she was hoping to discover. Accordingly, the Court directed Plaintiff to submit a letter or report (essentially a lay person's brief) explaining how the Administrative Record is deficient and why limited discovery is warranted in this case. Plaintiff has not yet filed a proper response. However, Plaintiff did file 752 pages of documents with the Court under seal. The Court thus suspects that Plaintiff did not understand what was expected from her.

Accordingly, the Court again **DIRECTS** Plaintiff to file a simple letter or report explaining exactly *why* she believes the Administrative Record is incomplete, *what* relevant factors the Board failed to consider in her case, or *how* the Record was "falsified." Plaintiff must state clearly what evidence she has to prove her assertions and what evidence she expects to find in discovery. The burden is on Plaintiff to make a showing that further discovery is necessary and that the record should be supplemented. See Amtreco, 806 F. Supp. at 1006. Plaintiff must keep in mind that her burden is a heavy one; the exceptions to the rule against supplementation of an administrative record are narrowly construed. Id. However, Plaintiff is also cautioned that her report should be direct and concise. An extensive legal brief is not needed. Plaintiff may draft her response as a letter, a report, or even a table or chart listing the evidence. But, Plaintiff's response may not exceed twenty (20) pages unless a page extension is granted by the Court, and it must be filed within ten (10) days of the date of this Order. Defendant will then have ten (10) days thereafter to file a response. If

Plaintiff fails to file a report within the allotted time period, the Court will assume that she has abandoned her request for discovery, and there will be no discovery in this case.

During the October 4, 2010 hearing, the Court also directed the parties to confer and develop a proposed scheduling and discovery order. However, upon further consideration, the Court will allow the parties to wait until the Court rules on the discovery issue before filing the proposed order. If, after considering Plaintiff's report and Defendant's response, the Court finds that discovery is warranted, a proposed scheduling and discovery order shall be filed. If, on the other hand, the Court finds that no discovery is warranted in this case, the parties need only confer and develop a proposed order clarifying the manner in which the parties will submit the case to the Court.

It is SO ORDERED this 17th day of November, 2010.

                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL, JUDGE
                                          UNITED STATES DISTRICT COURT

jlr