THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LEIGH E. WISE | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:09-cv-127 (CAR) |
| v. | : | |
| | : | |
| GORDON S. HEDDEL, Department | : | |
| of Defense Inspector General, et. al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER ON MOTION FOR DISCOVERY**

Currently before the Court is Plaintiff's Motion for Discovery [Doc. 26]. Through this action, Plaintiff challenges the decisions of the Air Force Board for Correction of Military Records under the Administrative Procedures Act, 5 U.S.C.A. § 551 et seq. This Court has jurisdiction under the APA to review the actions of the Board for the Correction of Military records and to "hold unlawful and set aside any agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Piersall v. Winter, 435 F.3d 319 (U.S. App. D.C. 2006); Randall v. U.S., 95 F.3d 339 (4th Cir. 1996). However, the scope of judicial review in such cases is limited, and the standard of review is high. The district court may only to determine "whether the . . . decision making process was deficient, not whether [the] decision was correct." Piersall, 435 F.3d at 322. Clearly, the United States Constitution does not assign judges the task of running the military. Id.

On October 4, 2010, the parties appeared before the Court to discuss Plaintiff's present request for discovery. Generally, APA reviews are limited to a review of the existing record. See Camp v. Pitts, 411 U.S. 138, 142 (1973). Evidence which is not part of administrative record may

1

not be considered, and thus discovery is not necessary. See id. The only exceptions to this rule are when the plaintiff can show that the administrative record is incomplete; that the record is so inadequate that it prevents meaningful judicial review; that the agency failed to consider relevant factors; or that there has been a strong showing that the agency engaged in improper behavior or acted in bad faith. U.S. v. Amtreco, Inc., 806 F. Supp. 1004, 1006 (M.D. Ga. 1992). These exceptions are narrowly construed, however, and a party seeking discovery must satisfy a heavy burden before discovery will be allowed. See id.; Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)).

During the October 4, 2010, hearing, Plaintiff was unable to clearly articulate the legal reasons warranting discovery in her case. The Court then directed Plaintiff to submit a letter explaining how the Administrative Record in this case is deficient and why limited discovery is warranted. Plaintiff did not file a proper response but instead filed 752 pages of evidence with the Court under seal. Suspecting that Plaintiff misunderstood what was expected, the Court then more specifically directed Plaintiff to file a simple letter or report explaining exactly *why* she believes the Administrative Record is incomplete, *what* relevant factors the Board failed to consider in her case, or *how* the Record was "falsified." See Order, Nov. 17, 2010 [Doc. 40]. The Court instructed Plaintiff to state clearly what evidence she has and what evidence she expects to find in discovery.

Through the requested submission [Doc. 41], Plaintiff now clarifies that she wishes to discover the documents used to support the agency finding that her job performance was poor and that she engaged in improper or agitating conduct in the workplace. According to Plaintiff, the Air Force Inspector General originally "substantiated her allegations of reprisal" in 2003. The Department of Defense Inspector General then overturned those findings based, at least in part, on the conclusion that Plaintiff (1) caused the hostile work environment, (2) openly discussed her

2

training issues with random members across the base, (3) had a personality conflict with her supervisor, and (4) had a personal vendetta against her supervisor. Plaintiff contends that these findings were not supported by the Record and requests discovery so that Defendant is required to produce the documents that the Department of Defense Inspector General relied upon when overturning the Air Force Inspector General's decision.

In support of this, Plaintiff seems to suggest that negative performance or conduct reports should be found in her formal record as part of her "Unfavorable Information File" and that a military officer is entitled to know about such allegations and to be given an opportunity to respond. Plaintiff further cites to evidence, apparently already in the Administrative Record, which supports her contention that she had no negative performance or conduct reports and that she was instead commended for good job performance. Plaintiff then opines that the Department of Defense Inspector General may have twisted her claims, improperly turning her complaints into evidence that she was the one who caused the hostile work environment and personality conflicts.

Plaintiff also contends that performance reviews from February 2003 and February 2005 were falsified and that the Air Force Inspector General did not allow Plaintiff to submit evidence to prove the falsification in 2007. Plaintiff cites to evidence in her possession which she believes is proof that the records were falsified and asserts that the Board of Military Corrections thus reached the wrong conclusions in her case. However, it does not appear that Plaintiff seeks additional discovery relevant to either of these issues. She simply contends that the Air Force Inspector General improperly failed to address her falsification charge and that the Board accordingly reached the wrong conclusion.

Plaintiff's sole "discovery request," therefore, is for any documents used by the Department of Defense Inspector General to find that Plaintiff had a record of poor performance and engaged

3

improper conduct. Plaintiff simultaneously maintains, however, that there are no such documents and admits that through this request she is simply trying to "prove a negative" – i.e., that the documents do not exist. Based on this, the Court finds that Plaintiff fails to satisfy the high burden of proving that discovery is needed in this case. Inasmuch, she admits that discovery will not result in the production of the requested documents.

As the Court previously explained, Plaintiff is only entitled to conduct limited discovery if she can show (1) that the administrative record is incomplete or is so inadequate that it prevents meaningful judicial review or (2) that the agency failed to consider relevant factors or engaged in improper behavior or acted in bad faith. Amtreco, Inc., 806 F. Supp. at 1006. Through her allegations, Plaintiff fails to show that the Administrative Record is incomplete or inadequate. By her own admission, the documents she seeks do not exist and would not be produced through discovery. Plaintiff also fails to make a strong showing that the agency engaged in improper behavior or acted in bad faith. While she complains that the Air Force Inspector General failed to address her falsification charge and that the Board reached the wrong conclusion regarding her lost rank, she does not allege how this was improper or a decision made in bad faith. Nor does she explain how additional discovery will help prove those claims. It seems that all the documentation Plaintiff needs is either in her possession or, more likely, already part of the Administrative Record.[1]

For this reason, Plaintiff's Motion for Discovery is hereby **DENIED**. If Plaintiff is correct that Defendant's findings were arbitrary and unsupported by the Administrative Record, those things will certainly be revealed by a review of the Record already in existence. No discovery is needed.

---

[1] If materials cited by Plaintiff are in her possession but not part of the Record, Plaintiff may move to supplement the Administrative Record with this evidence. However, Plaintiff must still meet the high burden of proving that supplementation is necessary in this case. Otherwise, evidence not currently in the Administrative Record will not be considered. Amtreco, 806 F. Supp. at 1006.

Accordingly, the case is ready for review. With the permission of the Court and because of the present Motion, the parties have delayed submission of a proposed scheduling order. Although no discovery period is needed, a proposed order clarifying the manner in which this case will be submitted to the Court is still required. Defendant previously proposed that cross motions for summary judgment be submitted simultaneously. This procedure is likely the most efficient manner for presenting the case to the Court. Thus, the parties are hereby **DIRECTED** to file a joint, proposed schedule for briefing within ten (10) days of the date of this Order.

It is SO ORDERED this 12th day of April, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr